[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE (1) MOTION TO INTRODUCE ADDITIONAL EVIDENCE AND TESTIMONY AT TRIAL RELATING TO PLAINTIFFS' CLAIM OF AN UNCONSTITUTIONAL TAKING OF THEIR PROPERTY AND (2) MOTION TO EXPUNGE PORTION OF THE DEFENDANT COMMISSION'S WRITTEN DECISION FROM THE RECORD OR IN THE ALTERNATIVE TO INTRODUCE ADDITIONAL EVIDENCE AND TESTIMONY AT TRIAL
The plaintiff has introduced the foregoing two motions as part of his case in the appeal from the Wetlands Commission. The plaintiff so moved because additional evidence and testimony might be necessary for the equitable distribution of the appeal. Section22a-43a, "Findings on Appeal Setting Aside or Modifying Action. Authority to purchase land." In the section which was referred to, the court must find that the action appealed from constitutes the equivalent of the taking without compensation. . . "[I]n most cases, a property owner must do more than submit one plan to an agency in order to establish that the agency is "final" for the purposes of the taking clause." Port Clinton Associates v. Board of Selectmen, 217 Conn. 588, 607; and cases cited therein. CT Page 1690 The record indicates that the applicant submitted one other application to the board, but it was withdrawn. There is no finality to the application of the applicants. The motion is denied.
The plaintiff asks the court to expunge from the record certain information and specifically a portion of the written decision. In the alternative, the plaintiff wishes to introduce additional evidence in testimony at trial. The record is defined in Chapter 124 of the General Statutes; 8-8, (i). Section 22a-43
Appeals, refers to the "record." There is no authority given in the statute, and research has shown none, to allow the court to adjust the record to what it sees fit. As to any additional evidence, the court determination is confined to a review of the record. Huck v. Inland Wetlands and Watercourse Agency, 203 Conn. 525,550. This motion, too, is denied.
Robert P. Burns Judge of the Superior Court